LAW LIBRARY

NO. 30057

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

AMERICAN HOME MORTGAGE SERVICING, INC., Plaintiff-Appellee,

v.

KIN-CHUNG ROCKY YEUNG, Defendant-Appellant

and

JOHN and MARY DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-0816)

<u>ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION</u>
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record in this case, it appears that we lack jurisdiction over the appeal that Defendant-Appellant Kin-Chung Rocky Yeung (Appellant Yeung) has asserted from the Honorable Bert I. Ayabe's September 2, 2009 announcement in circuit court minutes that the circuit court intends to grant Plaintiff-Appellee American Home Mortgage Servicing, Inc.'s (Appellee American Home Mortgage Servicing) motion for summary judgment, because the record on appeal does not contain a separate, appealable final judgment that resolves all claims in this case.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2008) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be

set forth on a separate document."  Based on HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]"  Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).  Thus, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment."  Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted) (emphasis added)).  "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed."  Jenkins, 76 Hawai'i  at 120, 869 P.2d at 1339 (footnote omitted).

The appellate court clerk filed the record on appeal for this appellate case on November 10, 2009, at which time the record did not contain a final judgment that resolves all claims against all parties in this case.  The record on appeal also did not contain a dispositive written order.  The circuit court has merely indicated through the circuit court minutes that the circuit court orally announced its intention to enter a written order granting Appellee American Home Mortgage Servicing's motion for summary judgment.  As the Supreme Court of Hawai'i has explained, "a minute order is not an appealable order."  Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added).  Absent an appealable final judgment in the record on appeal, Appellant Yeung's appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, January 13, 2010.


Presiding Judge


Associate Judge


Associate Judge